Judge Marshall

delivered the Opinion of the Court.
In August, 1793, William Hays conveyed, by metes and bounds, to Edward Taylor, one hundred and eighteen and three quarter acres of land, embraced within patents previously issued, but with which Hays had no connection. And in the course of that year, Taylor entered on the land embraced in the deed, and he and those claiming under him, among whom was Conley, and afterwards his heirs, continued in possession until between 1822 and 1825, when Chiles became possessed of some portion of the land, not exceeding one third, by the execution of a writ of habere facias, on a judgment in ejectment obtained by him, in an action commenced in 1817.
In 1825, while Chiles was thus in possession of a part of the land, Taylor and wife conveyed 118¾ acres to Conley’s heirs. And, in 1827, two of Conley’s heirs, *386 there being eight in all, conveyed their interest to Chiles, and gave him possession of the premises occupied by them, within the boundaries of the deed to Taylor. In 1831, the six heirs of Conley who had not conveyed to Chiles, commenced this action of ejectment against Chiles and his tenants, to recover possession of six eighths of the tract; and a verdict and judgment to that extent, having been rendered in their favor, Chiles brings the case to this Court, for revision.
A conveyance of land pending an eject. for it, does not affect the right of recovery. A stipulation in a deed, by which one of several heirs conveys his interest in land, that the grantee shall have the benefit of all suits pending for the recovery of the land—which is not a contract to carry on a suit for part of the land, nor to have part of the land for carrying on the suit—is not a contract in violation of the section of the champerty act of 1824.
Of the numerous questions presented by the assignment of errors, we deem it necessary to make a formal statement of three only.
1. In the progress of the trial, Chiles offered to read a deed purporting to convey the interest of Robert Conley, one of the lessors, to Thomas Conley, another of the lessors, bearing date in 1829, before the commencement of this suit, and upon the rejection of that deed, offered a deed from Thomas Conley to John Jones, bearing date in January, 1835, which was also rejected, and the opinions of the Court on both of these points were excepted to.
The deed from Robert to Thomas Conley was objected to, as not being sufficiently proved. But as the admission of that deed, if it had stood alone, could have had no serious effect in the case, and as it was obviously offered for the purpose mainly of showing the extent of the interest afterwards conveyed, or attempted to be conveyed, by Thomas Conley to Jones, who was a stranger to the suit, the relevancy of this last deed and the propriety of its rejection will alone bte considered. As a mere conveyance of the title, of one of the lessors, after the commencement of the suit, this deed could not affect the right, or the extent, of recovery. But it is contended that Chiles, being in the adverse possession of at least some part of the land conyeyed, the deed was in violation of the champerty laws, and that a stipulation contained in it, whereby Jones was to have the benefit of all suits pending for the recovery of the land conveyed, is in violation of the second section of the act of 1824, against champerty, (Stat. Law, 286;) in consequence of which, and by force of the Statute, the title thus attempted *387 to be conveyed, and to which this stipulation relates, is forfeited, so far at least as to present a recovery of the interest which Thomas Conley had at the date of the deed. But the stipulation that Jones shall have the benefit of the suit, to the extent of the interest which he had purchased, is not a contract whereby Jones undertook to carry on the suit in consideration of having part of the land to which the stipulation relates. Nor is it a contract whereby he is to have part of the land, in consideration of carrying on the suit. He cannot, indeed, have the land, unless it be. recovered in this or some other suit. But he is to have it, not in consideration of carrying on the suit, but in consideration of the price which he has paid. And the stipulation that he should have the benefit of the suit, is nothing more than would be implied from the mere conveyance of the title, if such conveyance be effectual. Neither Jones nor Thomas Conley was bound, or undertook to the other; to carry on the suit. And it may be assumed that, without any farther action by either of them, the suit, which had already been prosecuted for near four years, and in which the lessors had once obtained a verdict and judgment, (which was reversed by this Court, 2 Dana,) would have been carried on in precisely the same shape, and with precisely the same effect as it has been.
A deed void by the champerty act of ’24, leaves the title still in the grantor, and is no obstacle in the progress of a suit, previously commenced.
The champerty act of 1824 does not extend to a case in which, neither the commencement, prosecution nor result of the suit, can be, traced to the sale or deed impeached as violating the act.
The deed, therefore, shows no contract coming within the second section of the act. And although it be admitted that, to the extent that Chiles was in the adverse possession, the deed may be void as coming within the letter of the first section of the act, the mere voidness of the deed would leave the title still in the grantor, arid present no obstacle to the further prosecution of the suit. And we are of opinion that the policy of the statute does not extend to a case in which neither the commencement nor the prosecution nor the result of the suit can be traced to the sale and deed which are impeached as violating its letter, and in which, therefore, such sale and deed have had no tendency to produce or continue the litigation. The case of Cummins &c. vs. Latham, 4 Mon. 97-105, in which, as here, the suit was brought to recover a possession lost by judgment in ejectment, seems to be an author *388 ity for this conclusion, as applied to the circumstances of this case. And as, under this conclusion, the deed from Thomas Conley to Jones, could have had no effect if admitted as evidence, there was no error in rejecting either that, or the deed from Robert to Thomas, even if the latter had been sufficiently proved.
A deed made to carry into effect an executory contract for land, made while the vendor was in peaceable possession, is not void, tho’ there may have been an adverse possession when the deed was made. And where the evidence conduced to prove that state of case, instructions hypothecated upon the deed only, without reference to the executory contract, were properly refused.
Plaintiff in eject. may recover upon a former possession of 20 yrs. And one tenant in common may recover against another, on proof that he holds and claims the whole adversely.
Where it is proved that, a party claiming a tract of land, is in possesssion of some part of it, the presumption is that his possession includes the whole—if there is no proof of any other possession.
2. The defendants moved the Court to instruct the jury that, if Chiles was in the adverse possession, or so far as he was in the adverse possession, of 118¾ acres, at the date of Taylor’s deed to Conley’s heirs, that deed was in violation of the champerty act, and therefore in operative to pass the title to the lessors; and the refusal to give this instruction is one of the alleged errors of which they complain. But the instruction, if given, would have denied all effect to that part of the evidence which conduced to show that, the deed was made in pursuance of an executory contract, entered into many years before the commencement of Chiles’ ejectment, and while Taylor, or those claiming under him, was in the peaceable possession of the land. And as this fact would take the conveyance out of the operation of the act against champerty, there was no error in refusing the instruction as asked.
3. The lessors clearly established their title to six eighths of the 118¾ acres conveyed by Hays to Taylor, and were entitled, upon the evidence, to recover a judgment to this extent, for so much as Chiles was in possession of, whether he acquired the possession under his judgment in ejectment, or under his deed from two of Conley’s heirs. For as to the land held under the judgment, there had been more than twenty years continued possession under the deed to Taylor, and adversely to the pre-existing patents, before the ejectment was commenced; and as to the land not held under the judgment, Chiles was in as tenant in common with the lessors, and was obviously claiming the whole against them. Without discriminating, therefore, between the extent of his possession under the judgment, and of that under the deed, we think that as he was clearly proved to have been, by his tenants, in the actual occupancy of some portions of the tract when this action was commenced, he must be deemed to have been in the possession of the whole, un *389 less some part of it was shown to have been in the possession of some one else. And as there is no evidence on which the jury could have found that any one else was in possession, there was no pretext for limiting the right of recovery on the ground of his possession not extending to the whole. And there was therefore; no error in refusing the instruction moved for by the defendants with that view.
Wherefore, as the verdict accords with the right of the case, and as we think there was nothing in the instructions given on motion of the plaintiff, or in the refusal of those asked for by the defendants, which was calculated to mislead the jury—the judgment is affirmed.