## H. C. King *v.* S. H. Boles et al.

**Attorney and Client—Negligence of Attorney in Not Communicating Facts to Client.**
   A client cannot claim the benefit of the negligence of his attorney in not communicating facts as to the progress of the case.

**New Trial—Facts Within the Knowledge of the Attorney.**
   It is no cause for a new trial that an attorney did not communicate all the facts to them, alleged in his affidavit. What he knew, they should have known.

**Deposition—May be Used by the Adverse Party, Though Suppressed.**
   The deposition of a witness, though suppressed on exceptions, may be used by · the adverse party to contradict any sworn statement he may make in the cause during its progress. .

**Champerty—Contract Made After Suit in Progress.**
   Where a contract, alleged to be champertous, is made while the suit was pending and on which one trial was had it is not within the inhibition of the statute.

APPEAL FROM RUSSELL CIRCUIT COURT.

November 4, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

The appellee, M. Lyles, having acquired the note of the appel·lant, D. A. Hausman, for $99.78 by assignment from George Boles and others to set aside a contract made with said Boles for the sale of their interest as heirs of their mother, the said Rebecca Thomas, in the estate of Chirstopher Ellis, deceased. After a somewhat protracted litigation the plaintiff's petition was dismissed by the court below, they prosecuted an appeal to this court which resulted in a reversal of the judgment, and a mandate directing a judgment to be entered in the court below vacating the contract as between John M. Thomas, E. B. Thomas, and Stevenson and wife, but as to Levi Thomas the judgment was affirmed.

Upon the return of the cause, the court below entered a judgment in conformity substantially to the mandate of this court,

except that Stevenson and wife were each adjudged to be entitled to an undivided one-sixteenth of the estate of C. Ellis, deceased, instead of adjudging to both only one-sixteenth, Stevenson being entitled to nothing except in right of his wife, who is one of the four children of Mrs. Rebecca Thomas; but that error has been corrected by a remittur on the record, and no further notice need or will be taken of it. And in order to ascertain the value of the estate of C. Ellis, and the amount the parties were respectively entitled to the case was referred to the master.

At the same term at which the mandate and judgment were entered in April, 1861, the record shows that the plaintiffs *"filed,"* not offered to file, an amended petition in the case, and produced deeds of conveyance from John Thomas, Stevenson and wife, and E. B. Thomas, transferring their interest in the matters in controversy in the action to H. C. King, and thereupon King moved the court to substitute him as plaintiff in the action, and permit him to prosecute it in his own manner—and that motion was continued.

Then came the defendants, as the record shows, "and produced their petition and grounds for a new trial, and produced their affidavits which were ordered to be filed, and moved the court to grant them time to procure the affidavits of the persons mentioned in said grounds for a new trial," and the motions were continued.

The amended petition of plaintiffs with the deeds to King are copied and constituted a part of the record.

Four causes are assigned as grounds for a new trial. The *first, second* and *fourth,* if they existed, were such errors as if properly presented and ruled upon might have been corrected by this court, but as that was not done, they cannot now be considered as forming grounds for a new trial. *McLean v. Nixon, 18 B. M., 768.*

If, then, any of the causes assigned for a new trial by appellees can be available to them it must be the *third,* which is on account of the discovery of *new, important,* and material testimony, since the trial, which they could not with reasonable diligence have procured, and had at the trial.

For the character and importance of the evidence, and the reasons for not producing it, the affidavits of Boles and of Bledsoe and Owsley filed with said grounds are referred to.

Boles states that being a member of the Senate of Kentucky, which was in session at the time of the trial of the case in December, 1859, he was attending to the duties of his office, in Frankfort,

and was thereby prevented from being present at the trial. He states that the plaintiffs, or all of them except E. B. Thomas, had full knowledge of the value and condition of C. Ellis, deceased, before they sold to him, and E. B. Thomas may have had the same information, and affiant believed he had. That plaintiffs had conversed with Samuel Parker about the estate and knew the extent and value thereof, and upon consultation with said Parker as to the propriety of selling, he advised them not to make the sale. That J. N. Brown, whose deposition in the case, will state, and it is true, that the letter written by R. C. Logan to the plaintiffs, giving them information in relation to the amount and value of the estate of C. Ellis, deceased, had been received by them before they made the sale to affiant. That he did not know that Brown's deposition was to be taken at the time that interrogatories were filed by palintiffs, and the filing interrogatories by defendants to take the depositions of Jesse Hall and others—and that he did not know that said Brown's deposition was then to be taken, and could not be present lawfully at the taking of said deposition. That it is true, and he can prove by the justice before whom the depositions of Hall, Parker and Bozwell were taken that notwith- standing said deposition were taken on interrogatories and cross- interrogatories, and neither party ought to have been present, that the answers to the interrogatories of Oscar Parkers deposition were written out by H. C. King and handed to the justice, and by him copied into the deposition, and that he was informed by the justice the answers of the other witnesses were in like manner written out by King, handed to the justice, and then by him copied into the deposition. That in the last few weeks he had discovered from looking over his memoranda that one Davis, who lives in Spring- field, Ill., was present in the bar-room of Samuel Parker, and heard all the conversation between affiant and John M. Thomas, and he can prove by him that no such conversation took place as the one detailed by Jesse Hall. That immediately after the taking of the depositions in Missouri, plaintiffs gave notice to take deposi- tions in Paducah, and he had no time then to take the depositions in Missouri before the December term, 1859, of the court com- menced, and the facts here stated he did not communicate to his co-defendants before the trial and that the witnesses by whom he could prove the foregoing facts lived in Missouri and Illinois.

The substance of Boles' affidavit is given because it is fuller

than that of the other defendants and is referred to by them.

There is not a fact stated in that affidavit that was not known, or·could not have been known by Boles before the trial. Indeed, he states in effect that he did know them. And it appears in his deposition, which was on file before the trial, that he was in Missouri when the depositions of Hall and others were taken. It furthermore appears in the case that after Hall's deposition had been taken, and before the parties separated, he was present, asked to see it, it was shown to him, he saw the answers in pencil on the table in King's handwriting, and must have communicated all these facts to his clients, or if he did not, it is no cause for a new trial, because what he knew the other defendants should have known, or cannot avail themselves of the want of that knowledge.

But it is insitsed that as Bowles' deposition had been suppressed on exceptions filed by appellants thereto, that it could not be looked into for any purpose—and that although this deposition might contradict an affidavit made by him, yet it was a sealed paper for all purposes; such is not the law, nor is the position consitsent with reason. It can be used by the adverse party to contradict any sworn statement he may make in the cause during its progress.

Before the trial the first .time appellees, Owsley and Bledsoe, moved for a continuance of the cause on grounds set forth in an affidavit filed by them, in which they make no objection to the trial on account of the absence of Boles, and state the facts they ·can prove by Brown and Parker, two of the witnesses named by Boles in his affidavit, all of which statements were admitted. 'So that it is manifest they have discovered no witness by whom any material facts can be proved that they were not aware of, or with reasonable diligence could not have been known. Consequently, no good cause has been made out for reviewing and vacating the judgment entered in conformity to the opinion of this court.

The amended petition filed after the mandate of this court was entered without objection showed H. C. King's interest, and he being thus interested had a right to prosecute this appeal.

If there was anything in the contract between King and clients prohibited by law, it has not been attacked by them; on the contrary they ask by their amended petition for its enforcement. As to the champerty question, the suit was pending when King's contract was made, and before that time, it was not, therefore, a contract within the inhibition of the statute against champerty.

It may be assumed that the suit which had been in progress for years, and in which the rights of the parties had been substantially settled, would have been prosecuted as it has been if no contract had been made with King. *Chiles v. Conley's Heirs, 9 Dana, 385.*

Wherefore, the judgment awarding a new trial and vacating the judgment entered after the return of the cause to the circuit court is *reversed,* and the cause is remanded for further proceedings consistent herewith. The contract which plaintiffs, in their amended petition, alleged they made with H. C. King as they seek to have the same carried out the court below will proceed to execute, and the residue which plaintiffs would be entitled to passed by their subsequent contract to appellees, and they are entitled to the same.

*King, for appellant.*

*James, Owsley, Alexander, Winfrey, for appellees.*