## Davidson, et al. v. Lewis, Judge.

(Decided September 29, 1914.)

### Petition for Writ of Mandamus.

1.  Mandamus—When Writ Will Issue From This Court.—A writ of mandamus will issue from this court against the judge of a circuit court to require him to enter a judgment directed to be entered by a statute.

2.  Statutes—Construction of—Forfeiture of Lands—Form of Judgment.—When there has been a judgment of forfeiture under section 4076d and the court comes to enter an order of sale under section 4076h, the whole body of land forfeited should be sold, but the purchaser will only take under his purchase so much of the land sold as has not vested in tax-paying occupants under 4076g.

CLEON K. CALVERT for petitioners.

IRA FIELDS and O'REAR & WILLIAMS for respondent.

OPINION OF THE COURT BY JUDGE CARROLL—Granting writ.

This is an original suit filed in this court by M. V. Davidson, suing for himself and all other citizens and taxpayers of Leslie County, seeking a mandamus against the Hon. L. D. Lewis, Judge of the 33rd Judicial District, and of the Leslie Circuit Court, to require him to enter certain judgments described in the petition. The case comes up to be heard and disposed of on a general demurrer to the answer of Judge Lewis.

The petition is in two paragraphs, and it appears from the first paragraph that in April, 1907, the Commonwealth, as plaintiff, instituted in the Leslie Circuit Court an action against the Kentucky Union Co. and a tract of land described in the petition in which it was sought to forfeit all the right, title and claim of the Kentucky Union Co. and the owners and claimants of the land described in the petition, to a large body of land in Leslie County containing some 40,000 acres. In October, 1907, there was a trial of this case, resulting in a judgment forfeiting to and vesting in the Commonwealth all the title and claim of the Kentucky Union Co. to the tract of land sought to be and that was forfeited. This judgment was afterwards affirmed by this court in Kentucky Union Co. v. Commonwealth, 128 Ky., 610, and also by the Supreme Court of the United States, the case being reported in 219 U. S., 140.

It further appears that subsequent to this the petitioners requested Judge Lewis to enter a judgment ordering a sale of this land, and that he has refused to do so.

In a second paragraph it was set out that in 1911 the Commonwealth instituted proceedings in the Leslie Circuit Court against the executors and heirs at law of

Edwin N. Yelland, for the purpose of forfeiting to the Commonwealth a large body of land claimed by the defendants in a suit; that in 1913 a judgment of forfeiture was entered vesting in the Commonwealth all the title, claim and interest of the defendants in the land described in the petition; that after this, Judge Lewis was requested to enter a judgment directing a sale of the land so forfeited, which he declined to do...

The prayer of the petition is for a writ of mandamus against Judge Lewis directing him to enter in each of these cases a judgment ordering a sale of the land described in the two paragraphs of the petition.

The proceedings under which this land was forfeited to the Commonwealth were instituted under the authority of an Act of 1906, now sections 4076b-4076k of the Kentucky Statutes.

In section 4076g it is provided that "All title and claim proceeded against under this article and forfeited to, and vested in, the Commonwealth and not purchased back by the owner or claimant thereof, as authorized in section 4 hereof, whether such forfeiture be for past delinquencies or for future delinquencies as authorized under section 10 hereof, shall be, and is hereby, transferred to, and vested in, any person for so much thereof as such person, or those under whom he claims, has had the actual adverse possession for five years next preceding the judgment of forfeiture, under claim, or color of title, derived from any source whatsoever, and who, or those under whom he claims, shall have paid taxes thereupon for the five years in which such possession may have been or may be held; and in those in privity with such person, his heirs, representatives or assigns, as to the mineral or other interests or rights in or appurtenant to such land."

And further provided in section 4076h of the Statutes that "All title and claim to land transferred to, and vested in, the Commonwealth under the provisions of this article and not purchased back by the owner or claimant, as provided by section 4, and not vested in the occupant, as provided in section 6, shall be sold to the highest and best bidder for cash in hand. Said sale shall be made pursuant to a judgment of the circuit court in said action, and shall be at public auction at the front door of the court house on the first day of some regular term of the circuit or county court, after notice

of sale shall have been advertised in the manner required by law in the case of the sales of land under execution. The commissioner shall report the sale to the court for its confirmation, and, when confirmed, the court shall order the commissioner to make a deed to the purchaser. Such deed shall operate to transfer to said purchaser such title and claim to the land so forfeited and transferred to, and vested in, the Commonwealth as remains in it after the operation of section 6 of this article, and shall so recite.''

In his answer Judge Lewis resists the attempt of the petitioner to compel him to enter judgments of sale, upon the ground thus stated: ''This defendant says that there are a great many people who reside within and who are otherwise in the actual possession of various parts of said 40,000 acres of land, and this defendant is informed, believes, and so states to be true, that the whole of said 40,000 acres is in such adverse possession of citizens and claimants, and was in such adverse possession at the time of the judgment of the Leslie Circuit Court aforesaid forfeiting the title of said Kentucky Union Co. to said land, and they had listed and paid taxes thereon for more than five years before the entering of said judgment under claim and color of title, and have paid taxes thereon for five years before said judgment of forfeiture.

''He says that the purpose of said statute was to vest the title of the recusant owner or claimant of title, failing to list said land for taxes, in the actual occupant thereof, so as to clear said titles of the conflict between said adverse possessors and the claimant of said apparent title non-listed for taxes; that to expose said land for sale as an entirety would reproduce the identical state of confusion in the title which existed when said land became subject to forfeiture, and would tend to defeat the very purposes of the statute and the public policy of this State with respect thereto.

''This defendant says that neither the plaintiff therein, the Commonwealth of Kentucky, nor the defendant therein, Kentucky Union Land Co., nor the plaintiff herein, M. V. Davidson, nor any one else has set out or defined or pleaded so as to show the said Leslie Circuit Court what portions of said land are not adversely held by those in whom the statute has vested the title, or in the adverse possession of even others, so as to enable

the said court to enter a judgment of sale therein; that said cause has not been and is not now so prepared as to authorize or justify the said court entering a judgment of sale therein; that said cause is pending in equity, and this defendant is advised and is of the opinion that he is not warranted as a chancellor to enter a judgment selling any of said land except such specific portions thereof, if any such there be, which may not now be in the adverse possession of others, or which has not already vested under the statute in such adverse claimants and occupants; and that until the parties so prepared the said cause as to show to the court what parts of said land are subject to sale, or indeed that any part is so subject, this defendant does not feel warranted in entering a judgment which would but cause confusion of said titles and mislead intending bidders or others as to what the court was attempting to sell and convey.

"If the parties will show to the said court that any part of said land is subject to sale, the court is ready to and will enter a judgment selling same."

It will thus be seen that the issue briefly stated is this: The petitioner insists that under section 4076h, *supra*, it is the mandatory duty of the respondent as circuit judge to enter a judgment in each of the cases directing a sale of the entire body of land forfeited to the Commonwealth in each of the cases mentioned. While the respondent contends that before he can properly enter an order of sale, assuming the facts stated in his answer to be true, the petitioner should describe the portions of the land forfeited the title to which did not vest, as provided in section 4076g, *supra*, in those persons who came within the description of adverse claimants as set out in this section, and that only such portions of the land as were not so held by these adverse claimants should be directed to be sold.

We think it was contemplated by section 4076h that the whole body of land forfeited should be sold and that the ruling of this court in Kentucky Union Co. v. Commonwealth, 128 Ky., 610, supports this construction. In that case, which was a proceeding under section 4076d to forfeit the title to land, it was insisted that the petition was fatally defective in failing to disclose what part of the land described in the petition was occupied by adverse claimants in the manner provided in section

4076g, *supra,* and urged that only so much of the land as was subject to forfeiture to the State should be forfeited in the proceeding. In answering this objection the court said:

"Certainly the title to the tract of land described in the petition, and which is adjudged to be subject to forfeiture and sale, can be sold by the same description, the purchaser taking that which, under the article, passes at the sale. The doctrine of *caveat emptor* applies in this, as in other proceedings. And the purchaser, and not the occupant, as argued by counsel for appellant, would be required to show, in actions to recover under his purchase, that the land claimed by him was not of the excluded class. The rule is universal that, where one seeks to recover under a grant or deed which does not convey all the land within the boundary described, he must show that the land sought to be recovered is within the boundary and without exclusions."

It is true that in that case the suit was brought for the purpose of forfeiting the title of the Kentucky Union Co. to the Commonwealth, but it was held, notwithstanding the acknowledgment by the court, "that practically if not quite all of the land described in the petition is adversely held by occupants under claim or color of title," that the entire body of land embraced by the title of the company might be forfeited to the Commonwealth.

Here the attempt is made to obtain a judgment directing a sale of the entire body of land forfeited in that proceeding, and it may be conceded here, as it was there, that a large part of this is held by claimants in the manner provided in section 4076g. But the sale of the land under the judgment will not affect the rights or disturb the possession of any of the occupants described in this section. The purchaser at this sale will not, by virtue of his purchase or its confirmation by the court, be authorized to oust any of these claimants of their possessions or interfere with their holding. The purchaser will only acquire title to so much of this land as is not held by the class of occupants described in section 4076g. He will buy the land subject to the rights of these occupants. The Statute so declares, providing that the deed to the purchaser "shall operate to transfer to said purchaser such title and claim to the land so forfeited and transferred to, and vested in, the Com-

monwealth as remains in it after the operation of section 4076g of this article, and shall so recite." If he attempts to dispossess any of them, as he may do, in an action brought directly against them for that purpose, he must show, as said in the Kentucky Union case, "that the land claimed by him was not of the excluded class."

We are unable to perceive how a sale and purchase under these conditions will operate to practice a fraud on the purchaser or work injustice to the occupant holding under section 4076g. The purchaser will only get title to so much of the land as these occupants are not entitled to hold, and the occupants can only be ousted when it is shown by the purchaser that they do not come within the saving of the section under which they hold. If they do not come within the saving of this section, then of course they are not protected in their occupancy by it. If they do, they are. Whether they do come within its reach or not, can only be determined by an action against them in which the truth can be ascertained and the rights of the parties adjudicated, and it seems to us that the easiest and most practicable way to settle this question is to leave it to the purchaser to take such action as he chooses against these claimants to determine whether he by his purchase or they by their right of tax paying occupancy are entitled to the land.

It is proper to add that Judge Lewis has not interposed any technical objection to this proceeding against him nor attempted in any manner to evade discharging his duty as he understands it. He appears in this court in the attitude of asking the advice of this court and being desirous to enter such judgment as it may direct and no cost is to be taxed against him.

Having the view that under the statute it was the duty of Judge Lewis to enter a judgment directing the sale, as provided in section 4076h, of the entire body of land forfeited, the writ of mandamus as prayed for will go. The whole court sitting. Judge Hannah dissenting.

DISSENTING OPINION OF JUDGE HANNAH.

Believing (1) that the answer of the judge herein is a sufficient defense to this proceeding and (2) that if a mandamus should properly go it should only require that the judge make some final order in the original action, I dissent from the foregoing opinion of the majority of the court.