## Buckhorn Coal & Lumber Company v. Woods.

(Decided March 22, 1929.)

M. C. BEGLEY for appellant.

J. M. BICKNELL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Millard Woods was adjudged to be the owner of one acre of land lying on Hell-for-Certain creek, at or near the mouth of Long branch. This acre is included in and is a part of the boundary to which the Buckhorn Coal &

Lumber Company claimed and asserted title, and feeling itself aggrieved by the judgment, it has appealed.

About the year 1901, Woods claims to have settled on and occupied this piece of ground, claims to have fenced it and built a house on it and planted an orchard, and that he has continuously since then held and claimed it as his own adversely to the world.

It seems that this particular acre lies near the boundary line between two tracts of land, one of which has for some years been owned by the Buckhorn Coal & Lumber Company, and the other was owned for many years by what some of the witnesses call the Peabody interests. About 1918, the property owned by the Peabody interests was sold to the Fordson Coal Company, and about that time it, as well as the lands of the Buckhorn Coal & Lumber Company, was surveyed, and the lines between the two tracts determined. At that time Millard Woods was occupying this one acre tract in question, under a lease from the Peabody interests. It was generally supposed to be a part of the property belonging to the Peabody interests, and Woods had told some of the witnesses that it belonged to Peabody. How long Woods had been leasing from Peabody does not appear, but the uncontradicted evidence is that he was leasing from them at the time this surveying was done. By this survey, it was learned that a large part if not all of this acre lay within the boundary of the land to which the Buckhorn Coal & Lumber Company had title, and after that was ascertained, on April 23, 1920, Millard Woods entered into a contract with the Buckhorn Coal & Lumber Company by which he leased from it this acre of land for the year 1920, and on December 31, 1921 (the record so shows, but probably the correct date was 1920), he entered into a second lease with the Buckhorn Coal & Lumber Company by which he leased from it this acre of land for a period of twelve months, from and after December 31, 1920. Again on May 21, 1923, he leased this land from the Buckhorn Coal & Lumber Company for a period of eight months from that date, which would make that lease expire on January 21, 1924; and again on November 24, 1923, he executed a fourth lease with the Buckhorn Coal & Lumber Company, by which he leased this property for twelve months from and after December 31, 1923. He did not lease it thereafter, and in May, 1926, the Buckhorn Coal & Lumber Company began this action against him, which resulted in the judgment stated.

Woods claims that he could not read and write very well and that he was fraudulently induced to sign these leases. It is his contention that his signature to these leases was procured, and he was induced to make them by the fraudulent statements of the agent of the Buckhorn Coal & Lumber Company that he desired Woods to take a lease on this property so that he could watch over it, not the one acre, but the entire tract outside the one acre, and keep trespassers off of it, and maintain possession of it for the Buckhorn Coal & Lumber Company; but it also appears in this record that on April 17, 1923, the Buckhorn Coal & Lumber Company began a forcible entry and detainer proceeding against Woods by which they sought to oust him from their property. The warrant issued in that proceeding was served on Woods on May 8, 1923, and when it was served, he was notified that the trial would be had at Hyden, Ky., before the county judge on May 21, 1923, and the evidence for the Buckhorn Coal & Lumber Company is that this case was not tried, because on the day it was set for trial, Woods executed the third lease to which we have referred. Woods cannot claim to be holding this land adversely if he is holding it under a lease from the Buckhorn Coal & Lumber Company, and his efforts to avoid the effect of these leases by claiming that he was induced to sign them by fraud, as we have stated, must fail, for he could not have misunderstood the purpose of this forcible detainer proceeding, and having signed two leases thereafter, the first of which was signed on the very day the forcible detainer proceeding was set for trial, shakes our faith in his evidence. The Buckhorn Coal & Lumber Company shows title from the commonwealth under a patent issued to Edward Begley, with which the Buckhorn Coal & Lumber Company connects by fifteen mesne conveyances, which were exhibited in the court below, and omitted from this record, because the parties agreed and stipulated to the validity of the Buckhorn Coal & Lumber Company's chain of paper title. In the face of that stipulation, Woods cannot succeed unless he establish title by adverse possession, which he failed to do.

The judgment is therefore reversed. The court is directed to set it aside and to adjudge to the Buckhorn Coal & Lumber Company the ownership of this one acre of land, more or less, claimed by Woods.