## Combs et al. v. Cornett et al.

September 30, 1949.

Rehearing denied February 3, 1950.

Don A. Ward and Bailey P. Wooton for appellants.

Barney W. Baker, C. W. Napier, Sr., and C. W. Napier, Jr., for appellees.

STANLEY, COMMISSIONER—Affirming.

The judgment quiets title in the appellee, Atha Cornett, to a tract on Leatherwood Creek in Perry County as against the appellants, Lucretia Combs, B. F. Cornett and Jessie Horn.

Arch Cornett owned and resided on the property prior to 1900. He and his son, Marion C. Cornett, operated a store and grist mill on it. In 1903 Arch Cornett conveyed to Marion a half interest in an 80-acre parcel. In 1915 he devised the entire tract to Marion conditioned upon certain equalization of his sisters. The property was sold under execution on a judgment against Marion and purchased by his wife, Atha Cornett. She received the sheriff's deed therefor in June, 1927. She and her husband had been living on the place since their marriage in 1900. After she purchased the property she and her husband erected several buildings and improvements. She asserts they had invested more than $30,-000 in the place.

In a suit to sell the land of Arch Cornett for the payment of his debts and to settle his estate the property was sold under order of court. This tract was included in the judicial sale of a large acreage to Jane Caudill, a daughter of the testator. She received a deed from the master commissioner in June, 1932. Atha Cornett was not a party to the suit, and her name does not appear in this deed. In February, 1942, Jane Caudill conveyed this land to the appellants, who are the brother, sister and nephew of the appellee's late husband.

He had died during the pendency of the suit and devised his entire estate to his widow. The conflict in the record title precipitated this suit.

It is clearly proved that the appellee had this property in actual and notorious adverse possession and that she had color of title from the time she received the sheriff's deed in 1927. Her husband, and predecessor, had a conditional record title since 1915 under his father's will. Her occupancy and extensive improvement of the property were well known to the appellants and to their grantor, Jane Caudill. None of them seems to have raised any question about all this. While in this jurisdiction a master commissioner's deed is not to be regarded champertous, Chapman v. Hounshell, 258 Ky. 214, 79 S. W. 2d 685, it is manifest that the deed from Jane Caudill to the appellants is champertous and void. KRS 372.070.

The judgment is affirmed.