## Bullock v. Harrison.

(Decided November 15, 1911.)

### Appeal from Mason Circuit Court.

1. Evidence—Weight—Finding of Chancellor.—The court gives some weight to the finding of the chancellor and will not reverse his finding on the credibility of the witnesses or where the truth is doubtful, but it will consider the sufficiency of the evidence for itself, and where the truth is not doubtful will give judgment according to the right of the whole matter.

2. Dam in Creek—Injury to Land—Equity.—H., in order to make a road across a creek made a fill in the channel and built an obstruction below to hold the fill. This threw the water against the opposite bank and B. to protect his land made a like dam on that side. H. brought suit against B. to require him to remove his dam on the ground that it injured his road. Held, that as he who seeks equity should first do equity, the court should require both H. and B. to remove from the channel of the creek all obstructions that they placed in it.

J. M. COLLINS, W. D. COCHRAN for appellant.

A. D. COLE, T. D. SLATTERY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

C. H. Harrison owns a farm of some 200 acres in Mason County. R. G. Bullock owns about 60 acres of land lying between Harrison's and the public highway, and Harrison has a right of way over Bullock's land out to the highway. A creek flows through Bullock's 60 acre tract, and Harrison's right of way or road was in the bed of the creek for a considerable distance until about ten years ago, by consent of parties, the road was changed so as to cross the creek at right angles instead of following the bed of the creek as it had formerly done. Harrison changed the road and in making the change he came upon this difficulty. There was a ledge of rock about two feet high which jutted out above the creek and instead of blasting out the rock he filled in the bed of the creek with large stones and put crushed rock on top of them in order to make a road down from the top of the ledge to the bottom of the bed of the creek. To prevent the stream from washing out this rock and destroying his road he put a log from the bank out beyond a sycamore tree which stood some twenty feet from the bank,

piling large rock set up end ways against the log and filling in with other rock above these so as to make his causeway secure. This structure of Harrison's caused the water of the creek in time to flow against the other bank and to cut it away, injuring Bullock's land. Bullock called Harrison's attention to the trouble and asked him to unite with him in making a breakwater to protect his property. This Harrison refused to do. Thereupon Bullock built a dam somewhat similar to Harrison's on that side of the creek. The result of the two dams was that the water of the creek was backed up over Harrison's road and what was a riffle when the road was put there became a standing pool. Mud settled on the road and the water froze in winter, making the crossing difficult and at times impossible. Harrison then brought this suit against Bullock to require Bullock to cut down his dam. Bullock answered, charging that Harrison had built the first dam deflecting the water from its natural course and alleging that what he had done was necessary to protect his property. Voluminous proof was taken and on final hearing the court entered a judgment requiring Bullock to remove eight feet of his dam next to the sycamore tree. Bullock appeals.

Counsel for appellee insists that the case turns simply on a question of fact and that this court will not disturb the judgment of the Chancellor on a question of fact. But we have often held that where the testimony preponderates for one side or the other in such a way as to convince the court that the chancellor erred, his judgment will be reversed. His judgment is entitled to some weight, yet this court in equity cases will weigh and judge of the sufficiency of the evidence for itself and decide according to the evidence, where on the whole case the truth of the matter is not doubtful. We will not reverse the chancellor on a mere matter of the credibility of the witnesses, or where under all the evidence the truth of the matter is doubtful, and the court cannot say that the chancellor erred. (Farmers' Bank v. Stapp, 97 Ky., 435; Stephens v. Dickinson, 19 R. 1224; Sebree Deposit Bank v. Clark, 20 R. 1157; Lutes v. Raymond, 20 R. 1736.) The rule announced in these cases has been since steadily adhered to by the court.

The truth of the matter here is not doubtful. While there is some conflict in the testimony on minor details, the salient and controlling facts are clearly established. Harrison put the first obstruction in the channel of the

creek. This obstruction caused the water to wash away Bullock's land on the opposite side, and Bullock, instead of taking steps to require Harrison to remove the obstruction, undertook to protect his property by putting in an obstruction on that side of the creek very similar to the one that Harrison had put in. The result was the injury to Harrison's easement. Harrison may maintain an action for the protection of his easement, but when he comes into equity he must himself do equity. This case is not unlike Grinstead v. Sanders, 22 R. 51. In that case Sanders owned a farm above Grinstead and he dug two ditches on his land which turned down upon Grinstead a large volume of water that did not flow upon Grinstead by nature, or in such volume. Thereupon Grinstead built a dam along the line between him and Sanders which held the water back and caused it to form a pond on Sanders' land. Sanders thereupon brought an action against Grinstead and in the circuit court a judgment was entered requiring Grinstead to cut down his dam. Reversing this judgment, we said:

"But when appellees seek equity, they must themselves do equity. Relief in equity will only be granted on equitable terms, and as the chancellor had the parties before him he should have settled the entire controversy so as to do justice between them. It is clear from the evidence that a greater burden has been imposed on appellant than his land by nature should bear. * * * * While appellant should be required to remove the dam, which is necessarily an obstruction to the natural flow of the water, appellee should also be required to fill up the two ditches they have cut and restore the ground to the condition it was in by nature, as near as it can reasonably be done, and not divert any of the water from its natural flow."

The same principle must be applied here. Harrison is only entitled to equitable relief upon equitable terms, and when Bullock is required to cut down his dam Harrison must remove his. Neither had any right as against the other to put any obstruction in the channel of the creek. Each should be required to remove from the bed of the creek as it was when Harrison made the road in question all the obstructions that they have placed in it. By the bed of the creek is meant the space between the banks as they were at that time. Bullock should not be required to cut down so much of his dam as is not in this space. But all the remainder of it should be removed.

Harrison should be required to move the rocks that he put in to make the road and the large rocks and the log which he put in to hold these rocks. He must make his road by cutting down the bank and not by obstructing the channel of the creek. One wrong does not justify another. If Harrison wrongfully obstructed the creek this did not justify Bullock in putting in a counter obstruction. Both obstructions should be removed, and the water left to follow its natural course as before either obstruction was made. On the return of the case, the circuit court will enter a judgment as above indicated and such further proceedings may be had as may be necessary to define where the banks of the creek were when the first obstruction was put in. Harrison will pay the cost in this court. Bullock will pay the cost in the circuit court up to this time. Any cost that may be incurred in the action after this time will be adjudged against the party whose fault occasions it.

Judgment reversed and cause remanded for a judgment and further proceedings as above indicated.