## Smith, et al. v. Boone, et al.

(Decided November 22, 1927.)

### Appeal from Laurel Circuit Court.

1. **Appeal and Error.**—Though Court of Appeals will not reverse judgment of chancellor on mere matter of credibility of witnesses, or where, on evidence as whole, truth of question of fact is doubtful, and though chancellor's judgment is entitled to some weight, Court of Appeals will weigh and judge sufficiency of evidence for itself, and where it preponderates for one side or the other, convincing court that chancellor erred, his judgment will be reversed.

2. **Judicial Sales.**—In proceedings by heirs of decedent to redeem lands sold at judicial sale, subject to widow's homestead, purchased by widow for $200, and conveyed by her to defendants, evidence held to show that land originally appraised at $1,000 free from homestead was subsequently appraised for sale at $200, and hence could not be redeemed under Ky. Stats., sec. 2364, since sold for more than two-thirds of its appraised value.

HENRY C. HAZELWOOD for appellant.

I. A. BOWLES for appellees.

J. P. CUSICK, Warning Order Attorney.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

As counsel for opposing parties agree, the question presented by this appeal is largely one of fact; that is,

whether, when the land in question herein was sold at judicial sale in an action brought to settle the debts and wind up the estate of George M. Whitt, it was appraised at $200, as appellants insist, or at $1,000, as appellees insist. If appraised at $1,000, appellees had the right to redeem under the provisions of section 2364, Kentucky Statutes, and as they took the necessary steps to do so, were entitled to recover the land from appellants. On the other hand, if, when sold, the land was appraised at $200, it brought, when sold, more than two-thirds of its appraised value, and the right to redeem did not exist, and appellants, claiming under the purchaser at the judicial sale, were entitled to the land. The commissioners report of sale and the appraisement have been lost, giving rise to this controversy. The chancellor adjudged that it was appraised at $1,000, and consequently that appellees, who had taken necessary steps to redeem it, were entitled to recover it. Hence the appeal.

After the death of George M. Whitt, his personal estate was appraised and found to amount to less than $750. It was claimed by and awarded to his surviving widow as exempt from distribution and sale, under subsection 5 of section 1403, Kentucky Statutes. At the time the personal property was appraised, the appraisers, conceiving it to be their duty so to do, also appraised the real estate left by George M. Whitt, fixing its value at $1,000. He died owing debts to the amount of $300 to $500, there being an immaterial controversy as to the exact amount thereof. His surviving widow qualified as his administratrix, and instituted action to sell the real estate owned by him at the time of his death, subject to her right to homestead therein, which right she there claimed and asserted. It was adjudged in that action that the real estate was worth less than $1,000, and that the surviving widow was entitled to use and occupy it as a homestead during her life, and that it be sold subject to that right, and that its proceeds be used to pay the debts of George M. Whitt. When sold in accordance with that judgment, the surviving widow purchased it at the price of $200. The sale was reported, exceptions were filed, which were overruled, the sale was confirmed, and a deed was made to the purchaser. She conveyed the land to appellants, and subsequently died, within a year from the date of the sale. Appellees, who are the heirs at law of George M. Whitt, then offered to redeem the land, upon the theory that it brought less than two-thirds

of its appraised value when sold, and took the necessary steps under the statute, supra, to authorize their recovery of the land.

Bearing on the question whether the land was appraised at $1,000, or at $200, we have the fact that the complete title was adjudged to be worth less than $1,000, and on the basis of that judgment the surviving widow was awarded the land as homestead. The widow then was 44 years of age, and according to the tables had an expectancy of 24.35 years. The land was sold subject to her right to use and occupy it as a homestead during her life, and it was the estate sold which had to be appraised. The two appraisers selected by the master commissioner to appraise the estate to be sold were two of the men who as the appraisers of the personal property had also fixed a valuation of $1,000 on the complete title of this real estate. They both testified herein. One stated that, when they appraised it for sale subject to the widow's right to homestead, they valued it at $200. The other had no definite recollection as to either transaction, save that originally they appraised the unincumbered complete title at $1,000. The master commissioner, while not as positive in his testimony as could be desired, gave it as his judgment that the appraisement was $200. The two attorneys representing appellants, who were present when the appraisement was made, that occurring in their office, and some two or three of the appellants, who also were then present, testified positively as to what occurred when the appraisement was made, and that the appraised value was $200. The two attorneys representing appellees, who had no connection with the action in which the appraisement and sale were made, testified positively that they examined the report of sale and appraisement subsequent to the time it was made, and before the record in that action was lost, and that the property was appraised at $1,000. The testimony of these two attorneys is the only positive testimony contradicting that of the master commissioner, one of the appraisers, and the other witnesses indicated, who testified that the appraisement fixed the valuation of the estate to be sold at $200.

It is wholly improbable that the two appraisers who valued the complete title of this land at $1,000, would have valued it, subject to the right of the widow, with an expectancy of more than 24 years to use it as a homestead during her life, at anything like $1,000. It is much more probable that they appraised it subject to the

widow's homestead at $200, as the witnesses above indicated testified they did. It is altogether probable that the appraisement seen by the attorneys for appellees was the original one made, which valued the unincumbered fee at $1,000.

While this court adheres to the rule that it will not reverse the judgment of a chancellor upon a mere matter of credibility of the witnesses, or where, upon the evidence as a whole, the truth of the question of fact involved is doubtful, yet we have uniformly adhered to the rule that, though the chancellor's judgment is entitled to some weight, this court will weigh and judge of the sufficiency of the evidence for itself, and where it is found to preponderate for one side or the other, in such a way as to convince the court that the chancellor has erred, his judgment will be reversed. James v. Golden, 172 Ky. 499, 189 S. W. 446; Farmer v. Hampton, 154 Ky. 83 156 S. W. 1041; Coomes Bros. v. Grigsby & Co., 151 Ky. 394, 151 S. W. 943; Bullock v. Harrison, 145 Ky. 358, 140 S. W. 536; Northup's Trustee v. Sumner's Trustees, 132 Ky. 156, 116 S. W. 699; Howell et al. v. Union Grocery Company (Ky.) 113 S. W. 912. This court's consideration of the evidence to be found herein on the question whether the estate sold was appraised at $200 or $1,000 leads to the conclusion that it preponderates in favor of the contention of appellants that it was at $200 and that the chancellor erred in not so concluding. That being true, the right to redeem did not exist, and appellees were not entitled to the relief sought by them herein.

For the reason indicated, the judgment is reversed and cause remanded, with direction that judgment be entered dismissing appellees' petition.