## Dotson et al. v. Pinson et al.

(Decided March 1, 1932.)

W. K. STEELE for appellants.

J. M. BOLLING for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Affirming.

On February 5, 1867, Polly R. Price, who owned a boundary of land in Pike county, Ky., divided it between her two sisters, Priscilla Price and Caroline Price Waggoner. The land extended from the Big Sandy river across a bottom and then up a hill to the top of the ridge. The deeds to her two sisters were executed by Polly Price on the same day. She gave to her sister Caroline Price Waggoner the northern part of the boundary, and to her sister Priscilla Price the southern part. The description in the Caroline Waggoner deed starts its boundary line at two small buckeyes, and runs it thence in a straight line to a sycamore on the bank of the river, thence up the river by calls and distances to a "stooping maple, thence across the bottom S. 59 W. 68 poles to a small horn beam on the hill side, thence S. 37 W. to the back line of said land," and thence by calls and distances back to the beginning point. The description in the Priscilla Price deed begins its boundary line at the stooping maple referred to in the Caroline Price Waggoner deed, and runs it "thence across the bottom N. 59 (obviously a mistake for S. 59) W. 68 poles to a horn beam on the hillside, thence S. 37 W. to the back line of said lands," and thence around by calls and distances to the point of beginning. It will be noted that, with the correction of the obvious mistake above noted, the division line between the lands given to Caroline Price Waggoner and Priscilla Price is described in identical terms in the two deeds. Some years after the execution of these deeds the C. & O. Railway constructed its railroad paralleling the river at the foot of the hillside, thus dividing the bottom lands of both tracts from the hillside lands. In due course of time all of the bottom lands came by mesne conveyances into the ownership of Noah Mullins, with the exception of an interest owned by the appellee Caroline Hall Pinson. Her husband, R. N. Pinson, is her coappellee.

Coming to the hillside lands, we find that all of the lands lying next to the division line between the original Price and Waggoner tracts have on the Price side come by mesne conveyances into the ownership of the appellants, E. C. and Maggie Dotson. Noah Mullins, by partition proceedings as to the lands owned by him and the Pinsons, had the interests of the Pinsons set off to them, as the result of which the bottom lands between the railroad track and the Big Sandy river pass out of this controversy. However, in the partition proceedings Caroline Pinson was allotted a strip of land running along the division line between the original Price and Waggoner tracts from the railroad right of way up to the top of the ridge, the strip being of not very great width, but by reason of its depth comprising 7 1/10 acres, which the Dotsons contend is no part of the Waggoner land but extends over the division line on to the Price property which they now own. They thereupon brought suit to quiet their title and to enjoin the Pinsons from cutting timber and exercising any rights of ownership over this disputed area. The Pinsons defended, first, on the ground that the disputed area belonged to and was a part of the Waggoner tract; and, secondly, that they had title to the land by adverse possession. The lower court dismissed the appellant's petition, and from that judgment this appeal is prosecuted.

We are not informed by the record on what ground the court based its action. We are of opinion, however, that the judgment may be sustained either on the ground that appellants' deed under which they hold was champertous, or on the ground that the title to the disputed area had become vested in appellees and their predecessors in title by adverse possession. It may perhaps be true that the great weight of the evidence is to the effect that, although the stooping maple and horn beams cannot now be found, the division line between the Price and Waggoner tracts should be run so as to throw the disputed area in the Price, rather than the Waggoner tract. But, even though this be conceded, it is shown without contradiction that, at the time this land was divided between the sisters, Caroline Waggoner was much dissatisfied with her portion, and that her sister Priscilla Price, to quiet her, gave her that part of the bottom land which would also be in dispute if the line as now claimed by appellee on the hillside is run across

the bottom and that thereafter a fence was erected across the bottom on the line thus agreed to by the two sisters, and this fence was extended on up the hillside to the back line of the lands, throwing the disputed area into the Caroline Waggoner tract, and that since that time Caroline Waggoner and those who held under her have been in adverse possession of the land to this fence or fence row for more than the time required by the statute to ripen title in them. This is sufficient to sustain the court's judgment, but it may also be said that, at the time the Dotsons took their deed under which they now hold, the disputed area was in the adverse possession of the Waggoner people, and so the Dotsons' deed to the extent of this adverse holding was void for champerty. Kentucky Statutes, sec. 210. Although champerty is not pleaded, it can be relied upon if the facts justify it. Arrington v. Sizemore, 241 Ky. 171, 43 S. W. (2d) 699.

It follows that the trial court correctly dismissed appellant's petition, and its judgment is affirmed.