## Arnett's Ex'r v. Arnett's Ex'r et al.

Jan. 26, 1945.

Nickell & Nickell for appellant.

J. B. Howard for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This action between the personal representatives of the estates of J. H. Arnett and Jolly Arnett, is based on a promissory note in the sum of $2,000, executed by Jolly Arnett to J. H. Arnett, and bearing date August 6, 1940.

Both Jolly Arnett and J. H. Arnett died in 1942, the latter surviving the former only a few months.

Answering and pleading to petition of plaintiff the defendants, appellees herein, allege they are entitled to a credit of $1,200 on the note in controversy. They contend that on or about the 15th day of September, 1940, Jolly Arnett sold to J. H. Arnett 39 head of cattle for the sum of $1,850, at which time J. H. Arnett paid Jolly Arnett a check for $650, and that the remaining $1,200 was to be credited on the $2,000 note, leaving a balance of $800 due and owing.

By agreement the cause was transferred to the equity docket. Upon the issues joined, trial was had and judgment rendered, crediting the note with the sum of $1,200. From this judgment plaintiff appeals.

The appellant insists the judgment below should be reversed, setting out a number of reasons therefor, all of which go to the competency and sufficiency of the evidence. In support of their contentions below, both appellant and appellees introduced a number of witnesses. Much of the evidence is incompetent, contradictory and unconvincing. However, the incompetent part, or at least most of it, was properly cared for under exceptions to depositions. In his brief, attorney for appellant discusses these witnesses one by one, attempting to show the weakness, meagerness and inconsistency of the testimony of appellees' witnesses, complaining at length of the anticipated weight given to the testimony of one Elliott Saylor, whose testimony he claimed should have been entirely disregarded on the ground that he had been convicted three times of felonies prior to 1927. There is no attempt at denial by any one that the note sued on was not executed, nor that Jolly Arnett sold to J. H. Arnett 39 head of cattle in the year 1940.

We are confronted with the question of affirming or supporting a Chancellor's judgment based upon more or less muddled and contradictory evidence. This Court has consistently observed the rule of weighing and judging the sufficiency of the evidence for itself, though the Chancellor's judgment is entitled to some weight. In Smith et al. v. Boone et al., 222 Ky. 1, 299 S. W. 1059, 1061, the court said: "While this court adheres to the rule that it will not reverse the judgment of a chancellor upon a mere matter of credibility of the witnesses, or where, upon the evidence as a whole, the truth of the question of fact involved is doubtful, yet we have uniformly adhered to the rule that, though the chancellor's judgment is entitled to some weight, this court will weigh and judge of the sufficiency of the evidence for itself, and where it is found to preponderate for one side or the other, in such a way as to convince the court that the chancellor has erred, his judgment will be reversed." See also James v. Golden, 172 Ky. 499, 189 S. W. 446; Farmer v. Hampton, 154 Ky. 83, 156 S. W. 1041.

The records do not reveal facts sufficient to raise a serious doubt in our minds as to the findings below. In fact the evidence preponderates, slight though it may be, in favor of appellees. We are, therefore, unwilling to disturb the findings of the Chancellor.

Judgment affirmed.