## Durham et al. v. Anglin.

Feb. 1, 1946.

Edwin R. Denney for appellants.

Stanley Powell for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The parties herein are litigating over a small triangular tract of land consisting of some 4 to 10 acres situated in Madison County near the Madison and Rockcastle County line.

In order to get a proper perspective of the dispute it is necessary to relate some of the facts involved in a prior litigation between former claimants of the land, whom the parties herein claim to be their predecessors in title. In 1926, J. W. Durham brought suit against Ben Baker asking that the title to the disputed land above be quieted in him. On May 26, 1927, by order of court, the Madison County surveyor was authorized to go upon the lands and make a survey. It appears, however, no survey was ever filed. That appears to be the last step taken in the suit and the matter was apparently dropped. Both J. W. Durham and Ben Baker died in the year 1938. In 1939 the heirs of Ben Baker conveyed the Ben Baker farm to Albert Anglin, appellee, herein, by a quitclaim deed. The appellant, Norma Durham, was a daughter of Ben Baker and she and her husband joined in the quitclaim deed with the other heirs of Ben Baker.

Albert Anglin instituted the instant action against Bluford Durham and Norma Durham, owners of a one-half undivided interest in the J. W. Durham farm, to quiet his title. By proper order of the court, the other heirs of J. W. Durham, deceased, were made parties defendant. It will be noted that the appellant, Bluford Durham, is a son of J. W. Durham, deceased, and the appellant, Norma Durham, his wife, is a daughter of Ben Baker, deceased, their respective parents being the plaintiff and defendant in the former action.

Appellants insist that they are able to trace their unrecorded paper title back to the year 1886. However, the papers purporting to pass or evidence title are unconvincing. Some are not signed. Some have not been acknowledged. Some have not been recorded. Some are not recordable. Some are partially destroyed. None of the above papers shows on its face that the disputed land is included.

Neither of the parties hereto claims to have any evidence of paper title to the disputed land apart from the papers above, and neither has been able to produce record title. Consequently, the question presented is whether either party has so controlled or possessed the disputed land as to cause such possession to ripen into title.

Under the evidence it appears that appellee's predecessor, Ben Baker, had this triangular tract in posses-

sion for about 17 years prior to the time J. W. Durham brought his suit in 1926, and that he continued in possession and control until his death in 1938.

Much of the evidence hinged around the question as to whether or not an old rail and hedge fence built by J. W. Durham was the line between the Durham land and the Baker land. The evidence seems to sustain the appellee in his contention that this old fence marked the dividing line.

Plaintiff below took the position that the defendants were estopped from asserting any claim to this land due to the fact that they joined in the quitclaim deed. We think this not to be conclusive. However, as a matter of evidence, it is materially influencing in a final determination of the cause. Certainly, the defendants, being son and daughter of the respective first litigants, knew something of the contention between their fathers respecting this small tract of land. The time to settle that dispute, if any remained, was at the time the quitclaim deed was made to the plaintiff. This was not done.

The court below found that the appellee and his predecessors, in title and possession, have been in adverse possession of the questioned tract of land for more than 15 years, and that he is the true and rightful owner thereof.

In the light of this record we can see no persuasive reason why the findings of the chancellor should be disturbed. See Smith et al. v. Boone et al., 222 Ky. 1, 299 S. W. 1059; James v. Golden, 172 Ky. 499, 189 S. W. 446; Farmer v. Hampton, 154 Ky. 83, 156 S. W. 1041.

Wherefore, the judgment is affirmed.