## Conley et al. v. Caudill et al.

March 8, 1946.

M. F. Patrick, Glenn Sublett and Wheeler & Wheeler for appellants.

J. B. Howard and Grover C. Allen for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The unusual and extended procedure in the litigation herein requires that we set out in sequence the actions taken.

At the January term, 1930, of Magoffin Circuit Court, A. H. Caudill, and others, Trustees of the United Baptist Church of State Road Fork, brought suit against Sam Conley, individually, and obtained default judgment wherein the court adjudged the plaintiffs the owners of the following described property: "One church house and lot located near the mouth of Sweet Briar Fork of the State Road Fork of Licking River near the lands of Sam Conley on the Garrett Highway of Magoffin County."

The court ordered and directed Sam Conley to surrender possession of the property, and provided for enforcement of same by rule, writ or other process of the court.

In 1942 the Trustees entered motion for rule against the defendant, Sam Conley, stating that Conley was making claim to part of the lot of land adjudged to them, and casting a cloud upon same, and asked the court to appoint commissioners, one of whom was to be a surveyor, to go upon the land and make a survey thereof and to establish the line to the Church lot as set out in the judgment above.

On motion the cause was redocketed, and R. C. Thompson was appointed surveyor to make a survey of the lot and report his acts at the next term of court. The survey was made and report filed. Motion to quash the survey was filed by the defendant, Sam Conley, who stated that he did not have any interest in the subject matter therein as he had sold his interest.

At the September term, 1942, order was entered approving the survey of R. C. Thompson and supplemental judgment entered thereon.

The deed to the property in controversy was made to Sam Conley and Mary Conley, his wife, jointly, to whom there were born a number of children.

At the time the original suit was filed Mary Conley was dead and Sam Conley had remarried, his present wife's name being Martha. There are no children of this second marriage. Neither the children of Mary Conley, who owned a one-half undivided interest in the land in controversy, nor Martha Conley were made parties to the action, and Martha Conley has never been made a party. The children of Sam Conley, and their respective wives and husbands, by intervening petition, were made parties to the action. They asked the court to set aside the former judgment, report and survey made by Mr. Thompson, and the supplemental judgment. This was done by the court.

The Trustees of the Baptist Church filed an amended petition wherein the present trustees are made parties plaintiff to the action and wherein they ratified and confirmed all steps taken theretofore by the plaintiffs in action.

The plaintiffs filed what they called an amended and reformed petition, wherein it is alleged that more than 50 years ago, a Mr. Abel Caudill dedicated and gave to the Church the tract of land as described by the surveyor, Thompson, and that the Church accepted the tract of land and built a church thereon, and has ever since that time used and occupied the boundary of land to the full extent thereof.

Defendants answered the amended and reformed petition wherein they denied the allegations of the plaintiffs. They state that the plaintiffs have no record title for any portion of the land and that defendants, children of Sam Conley, are the owners of all the real estate described in the amended and reformed petition; that they inherited a one-half undivided interest in the property from their mother, and that they own the other one-half undivided interest by deed from Sam Conley and Martha Conley, subject to reservation therein.

Proof was taken and the court adjudged the plain-

tiffs the owners of the land. From that judgment the defendants appeal.

The appellants attack the entire procedure because their father, Sam Conley, was individually sued in the first action, and because they were not made parties to that action, since they, by inheritance owned the one-half undivided interest of their mother, Mary Conley. They next complain because their stepmother, Martha Conley, was not, and has never been made a party to the action. These complaints would be well taken but for what actually happened. Sam Conley and his wife, Martha Conley, on the 30th day of April, 1940, which was before issuance of the rule above and redocketing of the cause, had deeded the land in question to the children of Sam Conley. Consequently, Martha Conley had no interest at that time.

It will be further observed that the children of Mary Conley came in by intervening petition, thereby bringing into the action all actual parties in interest, thus curing all the defects complained of by the appellants.

The appellant-children of Sam Conley take the position that actually they are the owners of the land on which the Church house is built, and in support of that position they introduced their deeds from Sam Conley in which no mention is made of any reservation. They do, however, recognize the fact that in the deed from Allen Caudill to Sam Conley and Mary Conley, bearing date October 8, 1913, there was a reservation in which the following exception was made: "so as not to include the church house." This reservation is also made by Allen Caudill's grantor in deed bearing date March 9, 1900, and by his grantor in deed bearing date March 4, 1893. From the above reservation in the deeds, it is obvious that the Church building had been built many years ago, and the Church building had been excepted in a chain of deeds.

The chief contention here is over the land surrounding the Church building. The trustees contend that the portion immediately surrounding the Church house, as described in the surveyor's report, has been in their possession for a number of years and has been used for a picnic ground, parking of wagons, carriages, and automobiles. They introduced proof in support of their

position, the witnesses testifying definitely and positively that the land in question as described has been in possession of the Church for many years in excess of the statutory prescriptive period of 15 years.

The appellants, on the other hand, undertook to contradict this testimony. They depend almost entirely on the survey by Mr. Lyons, which appears to have been made entirely from the deeds. He found by his survey the plaintiffs to be entitled only to that portion upon which the Church building actually stands.

The Chancellor below evidently was of the belief that the evidence supported the position of the plaintiffs and adjudged that the Church was the owner of the tract of land described in the amended petition. This court in numerous cases has held that it will not reverse the judgment of a chancellor where upon the evidence as a whole, the truth of the question of fact is doubtful. Arnett's Ex'r v. Arnett's Ex'r et al., 299 Ky. 254, 185 S. W. 2d 263, and cases cited therein.

We might add that it appears to us the evidence preponderates in favor of appellees.

The judgment is affirmed.